IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY PATTERSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:13-CV-00033
CRIM. NO. 2:12-CR-00044
JUDGE ECONOMUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On January 18, 2013, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts recommending that the instant motion to vacate, set aside or correct sentence be dismissed based on Petitioner's failure to establish cause and prejudice for failing to raise his claims on appeal. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* Doc. 36. For the reasons that follow, Petitioner's *Objections* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

Petitioner's *Motion to Compel* the Court to issue a show cause order for Respondent to file a *Return of Writ* in response to the § 2255 petition, Doc. 37, is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as waived due to his failure to raise them on direct appeal. As cause for this procedural default, Petitioner asserts that he was denied effective assistance of counsel. *See Objections*.

In claim one, Petitioner asserts that the District Court lacked jurisdiction. In claim two, Petitioner asserts his sentence was "excessive," *see Petition*, PageID #69, in violation of the

1

Eighth Amendment.[1] As noted by the Magistrate Judge, these claims, being apparent from the face of the record, should have been raised on direct appeal, but were not. Petitioner therefore has waived such claims for federal habeas corpus review.

> Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590 1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

*Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims which have been defaulted because they were not raised on direct appeal can be considered on their merits when presented in a § 2255 petition only if the defendant can show "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The primary exception to that rule is "that failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

If a claim has been procedurally defaulted and the petitioner is unable to show "cause and prejudice," he may still obtain review of the claim if he can demonstrate that, due to constitutional error, the trial court proceedings "'probably resulted in the conviction of one who is actually innocent.'" *See Bousley v. United States,* 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To make that showing, the petitioner must demonstrate that "'it is

---

[1] The Court notes that Petitioner agreed to a sentence of 120 months pursuant to Criminal Rule 11(c)(1)(C), see *Plea Agreement*, PageID #18–#19, and the Court accepted the Plea Agreement, binding itself to the sentence imposed. *See* FED R. CRIM. P. 11(c)(1)(C), 11(c)(4).

2

more likely than not that no reasonable juror would have convicted him.'" *Bousley*, (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

The United States Court of Appeals for the Sixth Circuit has held that "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996). Thus, "there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The claim that a sentence was unreasonable or excessive, but not unconstitutional, falls within these three categories. *See Grant, supra* ("mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver").

Petitioner argues that imposition of ten years imprisonment constituted cruel and unusual punishment in violation of the Eighth Amendment.

Here, although petitioner does not directly argue that he received ineffective assistance of counsel, he suggests that his attorney should have raised this argument, stating "My lawyer dared not challenge the sentence given the plea, even on Constitutional grounds." *Objections*, PageID #82. The only way the claims could have been preserved, however, is by direct appeal, and he does not argue that he asked counsel to appeal. Nonetheless, the Court will consider whether there is any possibility that Petitioner's claims are claims which should have been raised on

appeal by counsel, or, stated the other way, whether counsel was constitutionally ineffective by failing to pursue the claims on appeal.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish the second prong of the *Strickland* test, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781–82 (1987). When the claimed deficiency in counsel's performance is failure to file an appeal, but there is no evidence that the defendant requested that an appeal be taken, counsel's performance

is constitutionally suspect only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores Ortega*, 528 U.S. 470, 480 (2000). Given that petitioner does not claim that he indicated in any way a desire to appeal, he may establish ineffective assistance of counsel as cause to excuse his failure to raise his claims on appeal only by showing that there was some reason to think, in this case, that there was some nonfrivolous issue which could have been raised on appeal.

Here, there is no reason to think that is the case. In order for a defendant to make out a claim under the Eighth Amendment, the Court of Appeals has explained that

> [t]he Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.... [T]he Supreme Court has interpreted the Eighth Amendment to contain a "narrow proportionality principle." *Harmelin v. Michigan*, 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); United States v. Layne, 324 F.3d 464, 474 (6th Cir.2003). But that interpretation "does not require strict proportionality between crime and sentence." *Harmelin*, 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring) (citing *Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)); see also *Rummel v. Estelle*, 445 U.S. 263, 271, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (Eighth Amendment "prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime")....

*United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011).

To illustrate how narrow this proportionality principle is, the Court of Appeals stated, in *United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir. 1994), and has consistently reaffirmed, that "[g]enerally, a sentence within statutory limitations does not violate the Eighth Amendment." *See also United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003); *Austin v.*

*Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Petitioner's ten year sentence is certainly within the statutory range of five to twenty years. Further, in an unpublished opinion, the Court of Appeals rejected a defendant's challenge to a ten-year sentence (which was the statutory minimum sentence in that case because the defendant had a prior similar conviction) imposed under a different child pornography statute, 18 U.S.C. §2252A, holding that "a ten year sentence for this kind of crime is neither unusual nor disproportionate to the underlying offense." *United States v. McIntosh*, 414 Fed. Appx. 840, 841, unpublished, 2011 WL 924537 (6th Cir. March 17, 2011). The *McIntosh* court noted that many other courts of appeals had upheld similar sentences under that statute, but it also cited to a case rejecting an Eighth Amendment challenge to §2252's 15-year mandatory minimum sentence for receipt of child pornography. *See id*. at 841-42 (citing *United States v. Weis*, 487 F.3d 1148 (8th Cir. 2007)).

There does not appear to be any law which would support an argument that a ten year sentence for violating this statute is unconstitutional. The only case where a court has found an Eighth Amendment violation for a sentence imposed under §2252 appears to be *United States v. C.R.*, 792 F.Supp. 2d 343 (E.D.N.Y. 2011), but that case is significantly different from this one because the defendant in that case was young and had a difficult family history and a long history of substance abuse. Moreover, it is not reasonable to assume that even if *C.R.* had some persuasive value, the Court of Appeals for this Circuit would follow it. The Court cannot find either that an attorney who failed to advise petitioner to appeal on these grounds, which lack any substantial support, was constitutionally ineffective, or that petitioner was prejudiced by the failure to appeal. It simply cannot be said that, if such an appeal had been filed, petitioner would likely receive a different sentence.

In order to find that counsel was ineffective, the Court would have to conclude that no reasonable attorney would have foregone an appeal - which, given the complete absence of any supporting case law, is a conclusion the Court cannot reach - and that the failure to appeal prejudiced petitioner. The Court simply cannot make such findings, and petitioner's procedural default of his Eighth Amendment claims cannot be excused by means of an assertion of ineffective assistance of counsel.

Petitioner's second claim attacks the constitutionality of the statute under which he was convicted. Briefly summarized, his argument is that the non-commercial viewing of child pornography on the internet is neither economic activity nor one which has any connection with interstate commerce, and that the federal courts lack jurisdiction over his conduct, which he contends was only intrastate in nature. *See Motion to Vacate*, 72-74. He does not appear to claim that his counsel was ineffective for failing to raise this issue on appeal, and he asserts that there is no requirement to raise jurisdictional grounds at any earlier time in order to preserve the claim for purposes of a motion to vacate filed under § 2255.

Petitioner is incorrect about the effect of his guilty plea on this type of claim. In *United States v. Corp,* 668 F.3d 379, 384 (6th Cir. 2012), the Court of Appeals, quoting its earlier decision in *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008), held that "[t]o assert a jurisdictional challenge successfully, 'a defendant who enters a guilty plea must establish that the face of the indictment failed to charge the elements of a federal offense.'" In that case, the Court of Appeals noted that in *United States v. Studabaker,* 578 F.3d 423 (6th Cir. 2009)(a §2252A child pornography case), it had "determined that, in spite of the defendant's attempt to

7

characterize his claim as impacting our jurisdiction, the interstate commerce argument actually presented a non jurisdictional issue." *Id*. at 385. The Court of Appeals also rejected the defendant's attempt to change his claim to one attacking the facial validity of the charges, observing that "[t]he felony information unambiguously lists all of the elements required for conviction" including the use of materials which traveled in interstate commerce. It also noted that the defendant admitted to such allegations at the plea hearing. *Id*.

Here, the Information filed in this case contains allegations concerning interstate commerce. It states that Petitioner received visual depictions of child pornography "using a means or facility of interstate or foreign commerce, or that has been mailed, or had been shipped or transported in or affecting interstate or foreign commerce, or which contained materials which had been mailed or so shipped or transported by any means including by computer ...." *See* Doc. 10. Thus, in accordance with *United States v. Corp, supra*, this Court finds Petitioner's "jurisdictional" challenge to the face of the indictment to have been waived.

Further, the record of this case indicate that Petitioner's activities occurred through a means of interstate commerce by use of the internet. The *PreSentence Investigation Report* indicates that Petitioner acknowledged to investigators using P2P software to download images and movie containing child pornography. He searched for child pornography images and videos on a daily basis. He estimated he had downloaded between 1,000 and 2,000 files containing child pornography. *PreSentence Investigation Report*, ¶ 19. Forensic examination of Petitioner's computer revealed the presence of images and movies containing child pornography. *Id.* ¶ 20.

By virtue of petitioner's admitted use of the internet, the United States established, in this case, that the crime petitioner pleaded guilty to was within Congress' power to regulate. Just

recently, the Court of Appeals affirmed Congress' broad authority under the Commerce Clause to regulate even the intrastate production of child pornography because "Congress has the power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce...." *United States v. Rose*, __ F.3d. __, 2013 WL 1664697, *7 (6th Cir. April 18, 2013). It had previously held that §2252 is constitutional on its face based on its reference to images which traveled in interstate or foreign commerce. *See, e.g., United States v. Halter*, 259 Fed. Appx. 738 (6th Cir. Jan 7, 2008), citing *United States v. Corp., supra.* Thus, there is simply no merit to any of petitioner's jurisdictional claims in this case, or to his assertion that the receipt of child pornography through the internet is wholly intrastate activity which is beyond the reach of the federal government to regulate or criminalize.

WHEREUPON, Petitioner's *Objections* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

Petitioner's *Motion to Compel* the Court to issue a show cause order for Respondent to file a *Return of Writ* in response to the § 2255 petition, Doc. 37, is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE